IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEITH ELDRIDGE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:08cv850-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by federal inmate Keith Eldridge Williams ("Williams"). After due consideration of Williams's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

**I.  BACKGROUND**

On February 6, 2006, pursuant to a written plea agreement, Williams pled guilty to the following three counts of a seven-count indictment: conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count I); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count

V); and money laundering, in violation of 18 U.S.C. § 1957(a) (Count VII).[1] Following a sentencing hearing on May 30, 2006, the district court sentenced Williams to a total of 270 months in prison. Williams appealed to the Eleventh Circuit, and on July 26, 2007, that court dismissed his appeal based on an appeal waiver contained in the plea agreement.[2]

On October 27, 2008, Williams, through counsel, filed this motion under 28 U.S.C. § 2255 challenging his conviction and sentence on the following grounds:

1. His guilty plea was not entered knowingly, voluntarily, and with a full understanding of the consequences thereof.

2. When pleading guilty, he believed he would receive only a 13-year sentence and did not understand the appeal waiver that was part of the plea agreement.

3. His trial counsel rendered ineffective assistance by incorrectly assuring him he would receive only a 13-year sentence if he pled guilty, "scaring" him into pleading guilty, and failing to fully inform him of all the consequences of his guilty plea, thereby rendering his guilty plea unknowing and involuntary.

(*See Petitioner's § 2255 Motion,* Doc. No. 1; *Memorandum of Law in Support of § 2255 Motion*, Doc. No. 2, at pp. 6-11.)

The government argues that Williams's § 2255 motion is barred because he expressly waived his right to post-conviction review in his plea agreement. (Doc. No. 18 at pp. 6-7.)

---

[1] As part of the plea agreement, the government dismissed Counts II through IV and Count VI of the indictment.

[2] *See United States v. Williams*, No. 06-13340-II (11th Cir. Jul. 26, 2007). The waiver provision provided that Williams relinquished his rights to appeal his conviction and sentence and to collaterally attack his sentence, except on grounds of ineffective assistance of counsel and prosecutorial misconduct. (*See Plea Agreement*, Gov. Exh. D, at pp. 6-7.)

The government further argues that any substantive claims presented in Williams's motion are procedurally barred because Williams failed to raise the claims on direct appeal. (*Id*. at pp. 8-9.) *See, e.g., United States v. Frady*, 456 U.S. 152, 166 (1982); *Mills v. United States*, 36 F.3d 1052 (11th Cir. 1994). In addition, the government argues that even if Williams's substantive claims are not procedurally barred, they are meritless and entitle him to no relief. (*Id*. at pp. 9-10.) Finally, the government argues that Williams fails to plead sufficient facts in support of his claims of ineffective assistance of counsel and that his claims in this regard rest on allegations that fail to establish deficient performance and prejudice within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984). (*Id*. at pp. 15-17.)

Because Williams's substantive claims concerning the voluntariness of his guilty plea and his understanding of the appeal waiver underlie, and are linked inextricably to, his claims that his counsel was ineffective, this court will address his substantive claims in its discussion of his claims of ineffective assistance of counsel, below.[3]

## II.   DISCUSSION

### A.   *General Standard of Review*

Because collateral review is not a substitute for direct appeal, the grounds for

---

[3] Ordinarily, if a substantive claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). A petitioner can avoid this procedural bar by showing both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Mills*, 36 F.3d at 1055. Ineffective assistance of counsel may satisfy the "cause" exception to a procedural bar, *see Greene*, 880 F.2d at 1305, but only if the claim of ineffective assistance is meritorious. *Id*.

3

collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

**B.     *Standard of Review for Ineffective Assistance of Counsel***

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Under the performance component of the *Strickland* inquiry, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687). In any ineffective assistance analysis, scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000); *see Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who

5

takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted).  Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted above, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.  The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.  *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied.  *See Strickland*, 466 U.S. at 687.  Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been.  *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a

defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

### C.     *Ineffective Assistance of Counsel /Voluntariness of Guilty Plea*

Williams contends that his trial counsel induced him to plead guilty by assuring him, incorrectly, that if he pled guilty, he would receive only a 13-year sentence; that his counsel "scared" him into pleading guilty by telling him he would receive a sentence of from 30 years to life if he proceeded to trial and lost; that he was influenced to plead guilty by a threat from the government to involve his brother in the prosecution; and that he did not fully understand his appeal waiver. For all these reasons, he says, he did not enter his guilty plea knowingly, voluntarily, and with a full understanding of the consequences thereof. (*Petitioner's § 2255 Motion,* Doc. No. 1; *Memorandum of Law in Support of § 2255 Motion*, Doc. No. 2, at pp. 6-13.)

The following relevant exchange took place during the change of plea hearing:

> THE COURT:  Has anyone made any promises or given you any guarantees or assurances beyond the plea agreement?
>
> THE DEFENDANT:  No, Your Honor.
>
> THE COURT:  Has anyone said or done anything to force or coerce you into pleading guilty?
>
> THE DEFENDANT:  No, Your Honor.
>
> THE COURT:  Are you pleading guilty of your own free will?
>
> THE DEFENDANT: Yes, Your Honor.

(*Change of Plea Hearing*, Gov. Exh. E, p. 5.)

The written plea agreement, in a section titled "Penalties by Count – Maximum Penalty," provided as follows with regard to the counts to which Williams pled guilty:

> Count 1: 21 U.S.C. § 846
> (Conspiracy to possess with the Intent to Distribute a Controlled Substance)
>
> A term of imprisonment of not less than 10 years and not more than life, a fine of not more than $4,000,000 or both and a supervised release period of not less than five (5) years.
>
> Count 5: 18 U.S.C. § 924
> (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)
>
> A term of imprisonment which may not be less than 5 years, and fine not more than $250,000, or both fine and imprisonment; a term of supervised release of not more than 5 years; and an assessment fee of $100.00.
>
> Count 7: 21 U.S.C. § 1957(a)
> (Conspiracy to possess with the Intent to Distribute a Controlled Substance)
>
> A term of imprisonment of not more than 10 years, a fine of not more than $250,000 or both and a supervised release period of not more than three (3) years.

(*Plea Agreement*, Gov. Exh. D, pp. 1-2.) During the plea colloquy, the court asked Williams if he fully understood the terms of the plea agreement, and Williams responded in the affirmative. (*Change of Plea Hearing*, Gov. Exh. E, pp. 4-5.) In addition, the court asked Williams if he had reviewed with his lawyers the maximum penalty that could be imposed upon him if found guilty of the charges, and Williams again responded in the affirmative.[4]

---

[4] In an affidavit filed with this court addressing Williams's allegations of ineffective assistance, attorney Thomas M. Goggans, co-counsel for Williams along with attorney Bruce
(continued...)

(*Id*. at 4.)

Williams's allegations in his § 2255 motion regarding erroneous assurances and coercion by his attorneys and his understanding of the sentence he faced by pleading guilty are undermined by his own statements to the court during the change of plea hearing, where he affirmed that his guilty plea had not been induced by any promises, guarantees, or assurances and that no one had done anything to force or coerce him into pleading guilty. (*Change of Plea Hearing*, Gov. Exh. E, p. 5.) In addition, Williams told the court that he

---

[4](...continued)
Maddox during the relevant proceedings, states in pertinent part:

> Keith Eldridge Williams states on page two of his memorandum (Doc. 2) that he was coerced into pleading guilty. I am aware of no such coercion. Though co-counsel [Maddox] attended Keith Eldridge Williams at the plea and I was not present at the plea itself, it would be my guess that he was asked such at the plea and responded in the negative.
> ....
>
> Keith Eldridge Williams states in his memorandum (Doc. 2) that he was scared into pleading guilty by advice that if he went to trial and lost he might have received a sentence of 30 years to life and if he entered a plea of guilty he would receive a sentence of no more than 13 years. I no longer have the materials in Keith Eldridge Williams's case. However, it appears that if he had gone to trial and not received 3 levels down for acceptance of responsibility and some levels down for cooperation, he might have faced 360 months to life. As to Keith Eldridge Williams being promised no more than 13 years, I have no recollection of that. He did receive a sentence greater than I had hoped. However, it was contemplated that he might receive a further reduction for cooperation pursuant to a Rule 35 motion. I was contacted by a DEA agent about his further cooperation. However, he had other counsel at that time. It is my recollection that I referred the agent to the prosecutor or the new counsel.

(*Affidavit of Thomas M. Goggans*, Gov. Exh. I, pp. 1-2.) Co-counsel Maddox also filed an affidavit addressing Williams's allegations of ineffective assistance. (*Affidavit of Bruce Maddox*, Doc. No. 6.) In that affidavit, Maddox states that he never predicted to Williams that he would receive a sentence of only 13 years. (*Id*. at p. 2.)

fully understood the terms of his plea agreement. (*Id*. at pp. 4-5.) Nowhere in the plea agreement is there any indication that Williams's sentence would be limited to 13 years, and the statutory sentences set forth in the plea agreement reflect that Williams's sentencing exposure was considerably more than 13 years. The written plea agreement concludes with Williams's certification, demonstrated by his signature, that he had read and understood the plea agreement and that the matters contained therein correctly stated the representations that had been made to him and accurately set forth the terms of the plea agreement (*Id*. at p. 14.)

A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, if accepted as true, would not entitle petitioner to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Engelen v. United States*, 68F.3d 238, 241 (8th Cir. 1998); *see also Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989). Upon that standard, this court finds that Williams's allegations do not entitle him to an evidentiary hearing in this matter. Weighing the allegations in Williams's § 2255 motion against the record evidence – including Williams's sworn declarations at the plea hearing – this court finds that Williams has failed to demonstrate that his guilty plea was coerced by his counsel or induced by the erroneous assurances of counsel as to the sentence he would receive or that, when pleading guilty, Williams did not fully understand his sentencing exposure. "Solemn declarations in open court (at the guilty plea hearing) carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Medlock*, 12 F.3d

185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the colloquy are true."); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n.14 (11th Cir. 1985) (same). Where, as here, a petitioner claims that he relied on his attorney's assurances of the sentence he was to receive, and his sworn responses to court during the guilty plea hearing refute that unexpressed reliance on his attorney's assurances, an evidentiary hearing is unnecessary. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.10 (11th Cir. 1987) (evidentiary hearing unnecessary on defendant's motion to withdraw guilty plea where comprehensive Rule 11 colloquy was conducted and defendant's sworn responses during colloquy refute defendant's "unexpressed reliance on his attorney's speculation."); *United States v. Oliver*, 316 Fed. Appx. 877, 879 (11th Cir. 2008). In short, the record contradicts Williams's claim that his guilty plea was involuntary because it was a product of coercion by his attorneys and was based upon his attorney's assurances regarding the length of the sentence. Consequently, Williams is not entitled to any relief based on this claim of ineffective assistance of counsel.

For much the same reason, Williams is not entitled to any relief based on his claim that he was influenced to plead guilty by a threat from the government to prosecute his brother. As is the case with his claims of coercion by counsel, Williams's claim in this regard is contradicted by his sworn statements to the court during the change of plea hearing. Moreover, despite Williams's contention that he pled guilty to spare his brother from prosecution, it is undisputed that Williams implicated his brother in drug dealing in his proffer session. (*See Change of Plea Hearing*, Gov. Exh. E, pp. 7-8; *Affidavit of Thomas M.*

*Goggans*, Gov. Exh. I, p. 4.)  Thus, Williams has not shown how his guilty plea was rendered involuntary by any effort on his part to protect his brother.  To the extent Williams's allegations in this regard may present a claim that his counsel rendered ineffective assistance, he is likewise not entitled to any relief.  Counsel cannot be ineffective for failing to present a meritless claim.  *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

Finally, Williams fails to support his claim that he did not fully understand his appeal waiver.  The waiver provision in the plea agreement provided as follows:

<u>DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK</u>

> f.  Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any postconviction proceeding.  This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct.
>
> In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case.  The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.  Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).  However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver as to any issue the defendant may raise pursuant to 18 U.S.C. § 3742(a).

(*Plea Agreement*, Gov. Exh. D, pp. 6-7.)

As noted above, the written plea agreement concludes with Williams's certification

that he had read and understood the plea agreement and that the matters contained therein correctly stated the representations that had been made to him and accurately set forth the terms of the plea agreement (*Id*. at p. 14.)

At the change of plea hearing, the court specifically questioned Williams about his understanding of the waiver provision in the plea agreement. The following exchange occurred:

> THE COURT: In your plea agreement you have also waived collateral attack and an appeal. Ordinarily you would have the right to appeal; do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: You have waived that right now, and the government has not waived its right to appeal; do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

(*Change of Plea Hearing*, Gov. Exh. E, p. 11.)

To establish the validity of an appeal waiver, the government must show either that (1) the court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The court's colloquy with the Williams at the change of plea hearing plainly satisfied the first of these conditions and reflects that Williams knowingly and voluntarily entered into the waiver agreement as a part of the plea bargain. Moreover, Williams's signature at the conclusion of the written

plea agreement attests that he reviewed and understood the terms of the agreement, including the appeal waiver, thereby satisfying the second condition. Thus, the record does not support Williams's claim that he did not understand the appeal waiver. Likewise, Williams has not demonstrated that his counsel rendered ineffective assistance with regard to this issue. Therefore, Williams is not entitled to any relief based on this claim.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion filed by Williams be denied, as the claims therein do not entitle him to any relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 16, 2010. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 2${}^{nd}$ day of November, 2010.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE